Nott, J.,
delivered the opinion of the court:
The firm of Bellocque, Noblom & Co. commenced suit under the Abandoned or captured property Act in due time. One of the partners now comes into court and asks to file what is termed an intervening petition, which appears to be nothing more than an ordinary petition in such cases, setting forth that he is the owner of certain captured property, but having an averment that the property is the same now in controversy in the suit of the firm of which he is still a member, and that he has applied to the attorneys therein “ to recognize his rights and interest in the same, but they have peremptorily refused so to do.” He also moves to have his own attorney “ entered on the records of the court as the attorney on his behalf” in the suit of the firm.
It is to be noted that the party does not assert any successive right in his petition; that is to say, a right acquired under the firm since the bringing of the suit; and that there is no fraud or mistake alleged which might commend his application to the equity of the court. He simply asserts a cause of action which, it is also to be noted, is utterly antagonistic and fatal to the cause of action of the firm — which would be a good defense if set up by the defendants; and he comes into court with this antagonistic cause of action, and seeks to have it considered as a matter of right.
In these facts, no reason is discovered by the. court which relieves the party in law from not bringing his own suit for his own property within the period to which such suits are limited; nor any excuse which would justify the court in interposing in his behalf if it had the power. He is a party to a suit which he has countenanced by several years of silence, in which he *495 alleges that the same cotton is the property of the firm, which he now seeks to allege belongs to himself. It is evident that such an application can be sustained only where fraud has been practiced upon the party.
There have been a number of cases under the Abandoned or captured property Act where a change of parties has been allowed; such as the administrator for the guardian; the assignor for the assignee; the husband for the wife. But the distinction between these cases and the present one is that there the changes were allowed to sustain and protect the original cause of action, one representative going out and another coming in, and the suit remaining unchanged except in the name of the party, while here the attempt is made to introduce as a subject of litigation a fresh cause of action, which is to all intents and purposes a new suit by an adverse party.
The application of the party to have his own attorney associated in the original suit must also be denied. The only party before the court is the firm. The applicant has no rights to protect of which the court can take notice except such as result to him as a member of the firm; and if he had rights which he might legally prosecute, it would be wholly unjustifiable for the court to introduce an attorney into the claimant’s case who represents an antagonistic interest, and can only advance his client’s cause by defeating a portion of the claimant’s cause of action.
The motions of Auguste P. Noblom for leave to file an intervening petition, and to have the names of his attorneys entered as attorneys on his behalf in the suit of Bellocque, Noblom & Co., are denied.